FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

09 NOV 12 AM 11: 45

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 8:09CR86 |
| vs. | ) |
| EDGAR DANIEL BRAVO-GONZALES, | ) |
| Defendant. | ) |

## CONSENT RESTITUTION ORDER

WHEREAS, on October 29, 2009, defendant Edgar Daniel Bravo-Gonzales was sentenced to a term of 72 months incarceration followed by a five-year term of supervised release upon his plea and conviction to one count of Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2). Pursuant to Title 18, United States Code, Section 3664(d)(5), and with consent of the parties, the issue of restitution was bifurcated from the imposition of sentence, and a sentencing hearing as to restitution was scheduled for November 12, 2009.

WHEREAS, the Court finds that the mandatory restitution section of the Violence Against Women Act of 1994 ("VAWA"), codified at Title 18, United States Code, Section 2259, which requires the Court to impose restitution order for any offense under Chapter 110, applies to a conviction for receiving material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2).

WHEREAS, the Court finds that Title 18, United States Code, Section 2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110, including a victim who is under eighteen years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates.

WHEREAS, the Court finds that restitution, pursuant to Title 28, United States Code, Section 2259, is available to victims who are harmed as a proximate result of a Chapter 110 offense.

WHEREAS, the Court finds that defendants convicted of Chapter 110 offenses must compensate their victims for the "full amount of the victim's losses," including:

    (A) medical services relating to physical, psychiatric, or psychological care;
    (B) physical and occupational therapy or rehabilitation;
    (C) necessary transportation, temporary housing, and child care expenses;
    (D) lost income;
    (E) attorneys' fees, as well as other costs incurred; and
    (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(2).

WHEREAS, the Court finds that Title 18, United States Code, Section 3664(h), which is incorporated by Title 18, United Sates Code, Section 2259(b)(2), allows the Court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

WHEREAS, the Court finds that there is no dispute that the defendant possessed on his computer images of child pornography that depicted "Vicky" being sexually abused when she was approximately 10 or 11 years old.

WHEREAS, the Court finds that there is no dispute that "Vicky" is a victim based upon the presentence report, victim impact statement(s), forensic psychological report of "Vicky," and statements of counsel.

WHEREAS, there is no dispute that harm was caused to "Vicky" by persons who possess, disseminate, or share the images of "Vicky" being sexually abused as a child. Specifically, the Court finds that "Vicky's" knowledge that images of her abuse were being disseminated and possessed by others caused "Vicky" to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse. Accordingly, the Court finds that "Vicky" was harmed as a result of the criminal conduct engaged in by the defendant, Edgar Daniel Bravo-Gonzales.

WHEREAS, there is no dispute that other individuals have been charged in multiple Districts with possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2), wherein "Vicky" was a victim.

WHEREAS, there is no dispute that the total amount of harm caused to "Vicky" is between $148,439.15 and $150,079.15, including: (1) between $126,365 and $128,005 for future mental health treatment; (2) $17,874.15 for the cost of her forensic psychological evaluation; and (3) attorney's fees in the amount of $4,200.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the total amount of harm caused to "Vicky" is between $148,439.15 and $150,079.15, including: (1) between $126,365 and $128,005 for future mental health treatment; (2) $17,874.15 for the cost of her forensic psychological evaluation; and (3) attorney's fees in the amount of $4,200.

3

2. That the defendant, Edgar Daniel Bravo-Gonzales, is liable for a portion of that total amount of harm caused to "Vicky."

3. That defendant, Edgar Daniel Bravo-Gonzales, is liable for $10,000 in restitution to "Vicky" based upon an apportionment of the total amount of restitution due to "Vicky." Defendant shall pay the $10,000 in restitution into the Clerk of the Court within sixty days of this Order. The Clerk of the Court will forward the restitution to "Vicky" through her attorney. The United States Attorney's Office shall provide the Clerk of the Court with information regarding "Vicky's" attorney and her attorney's escrow account within ten days of this Order.

4. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michael P. Norris, United States Attorney's Office, 1620 Dodge Street, Suite 1400, Omaha, NE 68102.

Dated this 12th day of November, 2009.

LYLE E. STROM, Senior Judge
United States District Court

I, Edgar Daniel Bravo Gonzales have read & understood this document. I agree to the restitution of $10,000. I have had the opportunity to ask my Attorney questions & he responded to every question.

Edgar Bravo 11/12/09